The ( h tP Justice
deliv* red the opinio» of the court.
This was a suit in chancery, brought by Lo* g, against Miller, to be released from a contract which he had made with Miller, for the purchase of an acre of land, including the mouth of a salt petre cave.
Long alleges, that, by the terms of the contract, the acre purchased by him, was to be so laid off as to include the mouth of the cave, and the second water from the mouth of (lie cave, for which he was to give two negroes, at 400 dollars. & pay 400 dollars in money: that as soon as the terms of the contract were agreed on, and besare any writings were executed, he delivered the two negroes to Miller: that in a few days afterwards, he prepared and exec ted a bill of sale for tbe negroes, and prepared a d(* d of conveyance to be executed by Miller, according to contract: that he delivered both to Miller; and at the same time, paid him a bom 4Í. 10: that Miller kept the bill of sale, but refused to execule the deed of conveyance, denying his contract, and alleging, that lie had not sold so far as the second water, but only to the first water from the mouth of, the cavc: that fearful of tbe advantage MiUer bad obtained, by having possession of the negroes with a bill of sale for them, be submitted to receive from him sucha deed as he was willing to make; and that Miller made him a deed, including only the first water; and at. the same time, he executed his bond to Miller for $i'00, and agreed togive another bond for the ballance, deducting the 4k 10, before paid, lie charges that Miller, to induce him to purchase, fraudulently represented that be had a good title, when, in fact, he found that Miller had no title, .and that the survey under which he pretended to claim, included Only the mouth of the cave, and a very small anti worth» *335 less part of that which he had sold to him; and he alleges* ttsai soon after his purchase, he was lurned out of posses-» sion by a warrant of forcible entry and detainer, at the suit of William Piikins, claiming under an adverse title.
The 0f ¡tlana vendor when he makes no misrepreséh-ta» ion to vhe vendee, but j^nature* & extent of Ms claim furnish ^."thfinte^ p’sition ofth' chancell’r af-tilen|^ee<^ tho’ before lhe, ac“P** °vendee may refuse to !>R1'fecf tilB contla”t'
Miller, in his answer, dénies all fraud: states, that he sold only to the first water; and that he never made any agreement to sell as far as the second water; and that he did cot intend to warrant the premises sold to Long, Or to make himself responsible in any way. He states, that he is a Dutchman, and illiterate, except in the Dutch language; and that Long fraudently procured him to execute the deed, without knowing its contents; and charges, that Long’s eviction from the premises was suffeted by fraud and collusion.
The circuit court decreed (lie contract to be vacated, and that Miller, who had sold the slaves, should pay their present value and hire, the value of thedasting improvements made by Long, and the 4Z 1U, allowing a deduction for the expenses of maintaining the slaves, and for the rent of the cave while Long had it in possession.
To reverse that decree, Miller prosecutes this writ of error.
The first question which is proper to decide, is, whether the case is one w hich authorises I he interposition of a court Ot equity, for the purpose of rescinding the contract.
The deed from Miller to hong, purports to convey one acre of land containing a salt petre cave, to be laid off “round the mouth of the cavs, and to run the course of the “cave, so as to include from the firsl w ater to a small rock “from the mouth of the cave,” and Miller covenants, that Long, his heirs and assigns, shall hold and enjoy said acre of land, free from the claim of all person or persons whatsoever, and that he will indemnify and remunerate Long, or his eirs, for any disturbance, cosls, expenses, or damages he, or they, may be put 'o, in defending the title.
It is apparent, from the evidence in the cause, that was evicted from the most valuable part of the cave which was conveyed by Miller, and the latter has exhibited-no evidence of his having any title thereto; but it appears that he had a title of some sort, which included thp mouth of the cave, under which he was in possession at the time he sold to Long, and thefe is no evidence of his having misrepresented the nature and extent of his claim; on the contrary, the proof is calculated to induce a buici, that *336 Long was truly informed Upon the subject; and, indeed, he does not even allege, that be was ignorant of the nature and extent of Miller’s claim; and with respect to the fraud charged upon Miller, in the mode of executing the deed, there is not a shadow of evidence. Assuming that there was no fraud on the part of Miller, in making the contract, or in the execution of the deed, the question then occurs, whether a mere want of title in him, is sufficient to authorise the rescission of the contract.
if a pin-chaseis made 8s convey’nce receiv’d from 8 vendor having no title,& th’ vendee be evicted, his remedy is at law, on the covenants contained iii the deed, & not in chancery to rescind tii’con-tract ,
Bibb for plaintiff, Crittenden ⅜ Talbot, for defendant.
Where the contract is merely executory, the vendee is, in general, not bound to receive a conveyance from the vendor, if he has no title; and in such case, the vendee may, no doubt, insist upon a rescission of the contract. Rut where the conveyance is executed and the vendee is let into possession, he cannot, merely on the ground of the defect of title in the vendor, resort to a court of equity, for the purpose of rescinding the contract.
In such case, be must rely on the remedy which the law affords on the covenants contained in the deed of conveyance; & in this case, Long has provided an ample indemnity for any defect of title in Miller, by the covenants contained in the deed.
Being of opinion, therefore, that there was no cause for the interposition of a court of equity to vacate the contract, it becomes unnecessary to examine the points made in relation to the details of the decree.
The decree must be reversed with costs, and the cause remanded,, that the bill may be dismissed with costs, without prejudice to the complainant’s remedy at law.